IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **INTERNATIONAL UNION OF** : <br> **OPERATING ENGINEERS LOCAL 542** : <br> 1375 Virginia Drive : <br> Fort Washington, PA 19034 : <br> : <br> and : <br> : **Case No.** <br> **INTERNATIONAL UNION OF OPERATING** : <br> **ENGINEERS OF EASTERN PENNSYLVANIA** : <br> **AND DELAWARE PENSION FUND** : <br> 1375 Virginia Drive, Suite 100 : <br> Fort Washington, PA 19034 : <br> : <br> and : <br> : <br> **INTERNATIONAL UNION OF OPERATING** : <br> **ENGINEERS OF EASTERN PENNSYLVANIA** : <br> **AND DELAWARE S.U.B. FUND** : <br> 1375 Virginia Drive, Suite 100 : <br> Fort Washington, PA 19034 : <br> : <br> and : <br> : <br> **INTERNATIONAL UNION OF OPERATING** : <br> **ENGINEERS OF EASTERN PENNSYLVANIA** : <br> **AND DELAWARE APPRENTICESHIP FUND** : <br> 1375 Virginia Drive, Suite 100 : <br> Fort Washington, PA 19034 : <br> : <br> and : <br> : <br> **INTERNATIONAL UNION OF OPERATING** : <br> **ENGINEERS OF EASTERN PENNSYLVANIA** : <br> **AND DELAWARE ANNUITY FUND** : <br> 1375 Virginia Drive, Suite 100 : <br> Fort Washington, PA 19034 : <br> : <br> and : | |

|   |   |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS OF EASTERN PENNSYLVANIA AND DELAWARE INDUSTRY ADVANCEMENT FUND<br>1375 Virginia Drive, Suite 100<br>Fort Washington, PA 19034<br><br>and<br><br>JOHN HEENAN, IN HIS CAPACITY AS ADMINISTRATOR, INTERNATIONAL UNION OF OPERATING ENGINEERS OF EASTERN PENNSYLVANIA AND DELAWARE BENEFIT FUNDS<br>1375 Virginia Drive, Suite 100<br>Fort Washington, PA 19034,<br><br>        Plaintiffs,<br><br>        v.<br><br>WILLIAMS EQUIPMENT CORP.<br>8624 J.D. Reading Drive<br>P. O. Box 1770<br>Manassas, VA 20108<br><br>        Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

I. **INTRODUCTION**

    1.    This is an action on behalf of International Union of Operating Engineers Local 542 ("Local 542 or "the Union") and its Employee Benefit Funds ("the Funds") to enforce an Arbitration Award issued pursuant to the grievance provisions contained in a collective

bargaining agreement between Local 542 and Williams Equipment Corp. ("Williams").

## II. JURISDICTION AND VENUE

2. Jurisdiction of the claims raised in both Counts of this Complaint is based upon § 301 of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185, as well as 28 U.S.C. §§ 1331 and 1337.

3. Jurisdiction of the claims raised in Count II is also invoked pursuant to the provisions of Section 502 and Section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145.

4 Venue is appropriate in this District under 28 U.S.C. § 1391(b) and (c) and 29 U.S.C. § 185(a) as the arbitration which gave rise to this action was conducted within this District, and the Union's principal office is located in this District.

## III. PARTIES

5. Local 542 is an unincorporated labor organization representing employees in interstate commerce within the meaning of § 2(5) of the LMRA, 29 U.S.C. § 152(5). Local 542's principal office is located at 1375 Virginia Drive, Fort Washington, PA 19034.

6. Williams Equipment Corp. is a corporation organized under the laws of the District of Columbia, and is an employer within the meaning of Sections 2(2) and 301 of the LMRA, 29 U.S.C. §§ 152(2) and 185; and Sections 3 and 515 of ERISA, 29 U.S.C. §§1002(5) and 1145. Its principal office is located at 8624 J.D. Reading Drive, Manassas, Virginia 20108.

## IV.  COUNT I - ENFORCEMENT OF LABOR ARBITRATION AWARD

7.  At all relevant times, Local 542 and Williams have been parties to a Collective Bargaining Agreement ("CBA") which establishes the wages, hours, and terms and conditions of employment for certain employees. (A true and correct copy of the CBA is appended hereto as Exhibit "A").

8.  The CBA between Local 542 and Williams contains a grievance and arbitration procedure providing for the final and binding resolution of disputes between the parties.

9.  In 2003, Williams began work on a long-term construction project at the York Hospital in York, Pennsylvania. The project involved the use and operation of a 150-ton Grove crane, which is work covered by the CBA.

10.  During the course of its work, the Union believed that Williams committed several violations of the CBA, including (1) improperly laying off George Luers, a member if Local 542 who had worked for Williams under the CBA for ten weeks, without just cause; (2) failing to make contributions to Local 542's benefit funds on Luers's behalf; and (3) failing to pay Luers the proper additional "boom rate" required by the CBA.

11.  In accord with the grievance procedure contained in the CBA, on or about November 20, 2003, Local 542 filed a grievance protesting Williams's contractual violations. The defendant did not respond to the grievance.

12.  The Union, in accord with the CBA, on December 17, 2003 submitted the grievance to the American Arbitration Association for processing to arbitration.

13. Following submission of the case to arbitration, Williams's attorney discussed with the Union the possibility of settling the dispute.

14. The parties were unable to settle their dispute, and the Union requested AAA to appoint an arbitrator in accord with the arbitration provision of the CBA.

15. Williams wrote a letter to AAA on September 7, 2004, stating that it "does not acknowledge the existence of an agreement to arbitrate this matter," but also advising AAA of the names of those arbitrators it wished to strike from the arbitrators' list AAA had supplied the parties.

16. Pursuant to its rules and procedures, AAA thereafter appointed John B. Dorsey to serve as the arbitrator to hear this dispute.

17. AAA thereafter scheduled the case for a hearing before the arbitrator, to be held on May 3, 2005. Williams was given notice by AAA of the scheduled hearing.

18. The day before the hearing, Williams's attorney wrote to AAA, stating that, because it believed it was not party to any CBA with Local 542 and that AAA lacked jurisdiction, it would not "participate in person in this proceeding." The letter also set forth Williams's position regarding the merits of the dispute. No one appeared at the arbitration hearing on Williams's behalf.

19. The hearing took place in AAA's offices in Philadelphia on May 3, 2005, as scheduled. The hearing was conducted *ex parte*, pursuant to AAA's Rules. Local 542 appeared and submitted documentary evidence, testimony, and argument to the Arbitrator for

his consideration.

20. The Arbitrator issued his Award on June 18, 2005, which AAA mailed to the parties on June 21, 2005. Copies of the Arbitrator's Award and AAA's letter of transmittal are attached as Exhibit B.

21. The Award rejected the employer's position that had been enunciated in its correspondence that it was not a party to the CBA. Finding Williams to be bound by the CBA, and concluding that Williams improperly refused to abide by the CBA, Arbitrator Dorsey sustained the grievance in part. The Award concluded that there was no violation of the "boom rate" provision. However, the Arbitrator concluded that Luers had been laid off in violation of the CBA's just cause requirement, and that Williams had improperly failed to make employee benefit fund contributions required by the CBA. The Award directed Williams "to pay an amount equal to double wages to employees designated by the Union in lieu of the employment opportunity not provided," as required by the CBA's remedial provisions related to the failure to properly man equipment. The Award also required that the Union's benefit funds be paid all contributions due, plus $6.96 per hour, for all hours Luers worked and would have worked had he not been improperly discharged, from August, 2003 through April 1, 2004. The Award provided that no interest would be owed if payment was made by July 31, 2005, but that interest at the rate of 10% per annum would be due thereafter until payment was made, together with the other remedies, including costs, liquidated damages and counsel fees, provided by Article V Section 7 of the CBA.

22. Since that time, Williams has not implemented or complied with any portion of the Award, nor has it filed any legal action to vacate, set aside, or modify the Award.

23. Williams's refusal to comply with the terms of the Award is willful and without justification and constitutes a clear violation of the parties' Collective Bargaining Agreement.

24. The Union is entitled to enforce the Award pursuant to law.

**WHEREFORE,** the Plaintiff Union respectfully requests this Honorable Court to enter an Order:

a. Granting judgment in favor of Local 542 and against Williams, enforcing in full the June 18, 2005 Opinion and Award of the Arbitrator;

b. Directing Williams to calculate and to pay to the Union double wages and benefits owed for the work done on the York Hospital project which is covered by the CBA, as ordered by the Arbitrator, together with interest;

c. Awarding liquidated damages in accord with the CBA;

d. Awarding the Union its costs and reasonable attorney's fees incurred in the prosecution of this action; and

e. Granting such other and further relief as this Court deems just and proper.

**V.   COUNT II – ERISA CLAIM FOR UNPAID BENEFIT PLAN CONTRIBUTIONS**

25. The allegations stated above are incorporated by reference as if fully set forth.

26. The Plaintiffs in this Count are International Union of Operating Engineers of

Eastern Pennsylvania and Delaware Welfare, Pension, Apprentice, S.U.B. Annuity and Industry Advancement Funds, which are due and owing certain sums, the amount of which is currently unknown, sought from Williams Equipment Corp., as set forth below, and John Heenan, the administrator and a fiduciary of the Plaintiff Funds. Plaintiff Funds bring this action on their own behalf and on behalf of their participants who are participants in and beneficiaries of Plaintiff Funds, which are employee benefit plans within the meaning of Section 3 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Section 1002(3).

27.  Local 542 and Williams are parties to a collective bargaining agreement (the "CBA"), which requires that Williams employ operating engineers represented by Local 542 with respect to all of the work described in the recognition clause of that agreement.

28.  The collective bargaining agreement requires that Williams make certain contributions to the Plaintiff Funds for work performed, or which should be performed, within Local 542's work jurisdiction by Williams's employees.

29.  Williams has failed to remit the required principal contributions for work performed by its employees that is described in and covered by the collective bargaining agreement. The amount of principal due is currently unknown. The principal, along with liquidated damages, interest, attorneys' fees and costs, is referred to as the "Delinquent Obligations."

30.  Because Williams has failed to account for the hours worked by its employees,

the plaintiffs do not know the precise amount of money owed to the Funds, and request this Court to enter an order requiring Williams to account for all of the hours its employees performed on covered work during the period August, 2003 to the present.

31. Williams has acknowledged its obligation to make contributions to the Funds in a letter signed by its President which it mailed to the Union on August 22, 2003, a copy of which is attached as Exhibit C.

32. As detailed previously, Williams also has been notified of the Arbitrator's decision which directs Williams to make all benefit plan contributions which are due.

33. Williams has failed to make any payments as required by the CBA and by the Award.

34. This failure constitutes a breach of Williams's responsibilities to the Plaintiffs and their participants.

35. Williams has also failed to provide the information necessary for Plaintiffs to calculate the precise amount owed them, by failing to make reports under the applicable self-reporting system.

36. As part of its relief, Plaintiffs are entitled to a provision permitting immediate registration in another District of any judgment entered in this action.

**WHEREFORE**, the Plaintiff Funds and Administrator request that this Honorable Court grant judgment against Defendant Williams Equipment Corp. and in favor of the Plaintiffs and award the following relief:

  a. An accounting of all amounts due to the various plaintiffs, based upon examination of Williams's payroll records;

  b. Judgment in a principal amount to be determined following the audit of defendant's records, representing the total accumulated delinquency;

  c. Counsel fees, interest and costs of suit;

  d. Statutory amounts, including liquidated damages, as provided by Section 502 of ERISA; and

  e. Other relief as the Court deems just and proper.

**SPEAR, WILDERMAN, BORISH,**
**ENDY, SPEAR AND RUNCKEL**

BY: _____
**SAMUEL L. SPEAR, ESQUIRE**
**Validation of Signature Code: SLS2217**
230 South Broad Street, 14th Floor
Philadelphia, PA 19102
(215) 732-0101
**Attorneys for Plaintiffs**

Date: October 21, 2005